FILED
DEC 10 2010
PATRICK E. DUFFY, CLERK
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| STIMSON LUMBER COMPANY, an Oregon corporation,  Plaintiff,  vs.  INTERNATIONAL PAPER COMPANY, a New York corporation,  Defendant. | CV 10-79-M-DWM-JCL  ORDER |

Plaintiff Stimson Lumber Company ("Stimson") brought this action seeking contribution from Defendant International Paper Company ("International Paper") for costs it has incurred, or will incur, to clean up pollution and contamination at the Bonner Mill site in Bonner, Montana. Stimson's claim for relief is based on the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq., and the Montana Comprehensive Environmental Cleanup and Responsibility Act ("CERCA"), Mont. Code Ann. § 75-10-701 et seq.

On October 18, 2010, United States Magistrate Judge Jeremiah Lynch

-1-

entered Findings and Recommendation on International Paper's Motion to Dismiss for failure to state a claim upon which relief can be granted. Judge Lynch recommended denying the motion. International Paper timely objected and is therefore entitled to de novo review of those portions of the Findings and Recommendation to which it objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Because I agree with Judge Lynch's analysis and conclusions, I adopt his Findings and Recommendation in full. The parties are familiar with the factual background of this case, so it will not be restated here.

The issue presented to Judge Lynch was whether Stimson's Complaint contains sufficient factual detail or content to meet the legal standards a plaintiff must satisfy to survive dismissal under Fed.R.Civ.P. 12(b)(6). Judge Lynch found that it does. He concluded that the allegations in the Complaint are sufficiently factual in nature to allow the Court to draw the reasonable inference of culpability – that Champion's[1] equipment leaked PCBs at the Bonner Mill. In reaching his

---

[1] Because Champion International Corporation is International Paper's predecessor in interest, the Court will refer to Champion and International Paper interchangeably as the same entity.

conclusion, Judge Lynch highlighted the following portion of Stimson's Complaint:

> Champion used equipment, including hydraulic pumps and transformers, that contained PCBs. On information and belief, malfunctions and leaks of that equipment caused releases of PCBs into the environment on the Site during Champion's ownership and operation of the Site.

Complaint ¶ 12 (dkt #1). Judge Lynch found these factual allegations sufficient to allow the Court to draw the reasonable inference that International Paper is responsible for malfunctions and leaks from hydraulic pumps and transformers that Champion used at the Bonner Mill, and that the material that leaked from that equipment contained PCBs. He also found it plausible that the alleged leaks of PCBs, and the visible leakage and pooling of industrial chemicals on the property at the time Champion owned the Bonner Mill could have reached the cooling pond through storm water runoff. Accordingly, Judge Lynch recommended denying International Paper's Motion to Dismiss because he found that Stimson's allegations contain sufficient factual content to state a claim under CERCLA and CERCA that is plausible on its face.

International Paper objects to the recommendation. It argues that if Stimson has specific information showing that Champion's equipment contained and released PCBs that ultimately reached the cooling pond, it must plead that

-3-

information. According to International Paper, absent facts alleging the particular leaking equipment, location of the leaks, or content of the leaks, Stimson's Complaint merely states the very conclusion that Judge Lynch reached – that Champion's equipment leaked PCBs at the Bonner Mill.

International Paper's objection fails because, as Judge Lynch noted, the factual allegations of Stimson's Complaint assert exactly that which International Paper argues is missing. Stimson alleges that (1) Champion used hydraulic pumps and transformers at the Bonner Mill, (2) the hydraulic pumps and transformers contained PCBs, and (3) malfunctions and leaks from the hydraulic pumps and transformers caused a release of PCBs at the Bonner Mill. These allegations do not merely state a conclusion or recite the elements of liability; they are factual matters that the Court must accept as true under Fed.R.Civ.P. 12(b)(6). As such, the allegations raise a reasonable expectation that discovery will reveal evidence supporting International Paper's liability. Stimson's allegations in this regard are more than sufficient to survive dismissal.

International Paper faults this analysis because some of the alleged facts are based on information and belief. Pleading facts based on information and belief, however, is permitted when the facts are peculiarly within the control of the defendant. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2nd Cir.). I

agree with Judge Lynch that the facts alleged regarding leaks would be peculiarly within International Paper's possession and control, and thus may be based on information and belief.

International Paper also objects to its alleged liability for the PCBs found in and around the cooling pond at the Bonner Mill. Specifically, it argues that Stimson's allegations do not contain any facts linking particular PCB leaks to the PCBs found in the cooling pond. According to International Paper, absent these facts, it is unreasonable to infer that International Paper is responsible for contamination of the cooling pond.

This objection fails because Stimson's allegations make it plausible that International Paper is liable for the PCBs discovered at the cooling pond. As Judge Lynch correctly noted, determining plausibility is a context-specific task that requires a court to draw on its judicial experience and common sense. Here, Stimson alleges that the cooling pond was used to collect storm water runoff from the Bonner Mill property. It further alleges that there was visible leakage and pooling of industrial chemicals on the property at the time Champion owned the Bonner Mill. Accepting these factual allegations as true, common sense dictates that it is plausible that the alleged PCB leaks caused by Champion could have reached the cooling pond through storm water runoff. Thus, Stimson's factual

allegations state a claim for relief against International Paper.

I find no clear error in Judge Lynch's remaining findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #24) is adopted in full.

IT IS FURTHER ORDERED that Defendant International Paper Company's Motion to Dismiss (dkt #14) is DENIED.

Dated this 10 day of December, 2010.

Donald W. Molloy, District Judge
United States District Court