

FILED

APR 2 2 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| STIMSON LUMBER COMPANY, an Oregon corporation,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL PAPER COMPANY, a New York corporation,<br><br>Defendant. | CV 10-79-M-DWM-JCL<br><br><br><br>OPINION |

Plaintiff Stimson Lumber Company ("Stimson") purchased a sawmill and plywood manufacturing plant ("Bonner Mill") from Champion International Company pursuant to a 1993 Asset Purchase and Sale Agreement. Champion International's successor in interest is the named Defendant in this action, International Paper ("International"). Following the discovery of regulated contaminants at the Bonner Mill site, Stimson entered into an Administrative Order on Consent with the Montana Department of Environmental Quality in which Stimson agreed to remove and dispose of the contaminants and take other

restorative and remedial measures at the site. Stimson now brings this cost recovery and contribution action seeking reimbursement from International for Stimson's past and future costs associated with the clean-up and remedial activities. Stimson's Complaint states claims under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 et seq., and CERCLA's Montana counterpart, the Comprehensive Environmental Cleanup and Responsibility Act ("CECRA"), Mont. Code Ann. §§ 75-10-701-757, as well as a request for declaratory relief.

Defendant International has filed two motions for summary judgment, one arguing that Stimson's claims are barred by contract and the other seeking judgment as a matter of law on Stimson's claims of joint and several liability. United States Magistrate Judge Jeremiah C. Lynch issued Findings and Recommendations in which he concluded that International's summary judgment that Stimson's claims are barred by contract should be denied, and that International's motion for summary judgment on Stimson's claims of joint and several liability should be granted.

Defendant International timely objected to Judge Lynch's Findings and Recommendations, thereby preserving its right to de novo review of the record. 28 U.S.C. § 636(b)(1). International's objections are focused on what it calls Judge Lynch's misinterpretation of the 1993 Asset Purchase and Sale Agreement

(the "Agreement"). International based its motion for summary judgment on its view that the Agreement unambiguously transferred International's environmental liability to Stimson following the expiration of a ten-year indemnity period. Judge Lynch disagreed, noting the absence in the agreement of any express language stating that Stimson would assume International's environmental liabilities once International's indemnity obligations expired. He also emphasized the Agreement's base price clause, which states that Stimson "shall not assume or be responsible for any liabilities or obligations" of International. Doc. No. 37-6 at 11. Mindful of International's summary judgment burden, Judge Lynch concluded:

> Reading the 1993 Agreement as a whole and giving effect to all of its provisions, the Court cannot say as a matter of law that the parties clearly intended for Stimson to assume International Paper's statutory environmental liabilities when the contractual indemnification obligations set forth in Paragraph 13.2(e) expired. International Paper has thus fallen short of satisfying its threshold burden as the party moving for summary judgment.

Doc. No. 66 at 24.

International objects that Judge Lynch mischaracterized International's summary judgment argument and misinterpreted the Agreement. International states in its objections that its summary judgment motion "does not contend that the 1993 Agreement 'effectively transferred all environmental liability to Stimson,'" Doc. No. 67 at 6, and that Judge Lynch therefore erroneously denied its

summary judgment motion by applying the summary judgment burden to the wrong argument. According to International's objections, its motion is based on the more subtle argument that under the Agreement, Stimson impliedly contracted to release its rights to pursue statutory CERCLA claims against International after the expiration of the ten-year indemnity period.

International's attempt to recast its summary judgment argument fails. In its opening brief in support of its motion for summary judgment, International states its position unequivocally: "All liability for environmental cleanups throughout the Mill Site and specifically at the cooling pond, shifted to Stimson ten years after it purchased the mill." Doc. No. 35 at 8. Having failed meet its summary judgment burden on the arguments presented to Judge Lynch, International cannot now reformulate its approach and seek a second bite at the apple under the guise that Judge Lynch misunderstood its position.

International's objections lose sight of its summary judgment burden in another respect as well. The objections state that International "disagrees" with Judge Lynch's "interpretations" of certain provisions of the Agreement. The pending motions do not require Judge Lynch to reach a definitive interpretation of the Agreement at this stage of the case. Judge Lynch's task on summary judgment is merely to measure International's favored interpretation against the language of the Agreement to determine whether it unambiguously bars Stimson's claims.

That is what he did here, finding summary judgment unwarranted due to the ambiguity in the Agreement regarding whether the parties intended for Stimson to assume International Paper's statutory environmental liabilities when the contractual indemnification obligations expired.

Finally, International objects that Judge Lynch erred when he distinguished the case <u>Armotek Industries, Inc. v. Freedman</u>, 790 F.Supp. 383 (D. Conn. 1992). <u>Armotek</u> involved a purchase agreement in which the seller warranted that the chrome-plating plant to be sold was in compliance with all environmental laws and regulations. 790 F.Supp. at 387-88. The seller promised to indemnify the buyer for any breach of the warranty for a fixed period of time, with the proviso that after the indemnity period expired, "no claim for indemnification for losses, costs or expenses ... shall be made against Seller." <u>Id.</u> at 389. The plaintiff/purchaser in <u>Armotek</u> brought a statutory contribution action under CERCLA, and the district court granted summary judgment in favor of the defendant/seller, holding that the contract reflected the parties' unambiguous agreement that the seller's CERCLA liability would be shifted to the buyer as of the expiration of the indemnity period. <u>Id.</u> at 392.

Judge Lynch distinguished <u>Armotek</u> on the grounds that the Agreement in this case does not contain a provision expressly stating that "no claim for indemnification" may be made after the ten-year indemnification period.

-5-

International challenges the distinction, asserting there is "no substantive difference between a provision that states no claim for indemnification can be made after the contractual indemnity period expires (as in the Armotek agreement), and a provision that states the indemnities must be brought within ten years (as in the 1993 Agreement)." Doc. No. 67 at 14. The distinction is clear when the Agreement in this case is considered as a whole. The court in Armotek determined that clause explicitly limiting indemnity claims was unambiguously broad enough to cover statutory CERCLA claims based on the seller's CERCLA liability, but there is no mention in Armotek of a contractual provision that specifically states the buyer does not assume the seller's liabilities. There is such a provision in this case, as the base price clause provides that Stimson "shall not assume or be responsible for any [of International's] liabilities or obligations." Doc. No. 37-6 at 11. That provision at the very least calls into question the parties' intent to shift International's liability to Stimson, and creates ambiguity in the meaning of the contract that was not present in Armotek.

Having reviewed de novo Judge Lynch's Findings and Recommendations regarding International's motion for summary judgment that Stimson's claims are barred by contract, I agree with Judge Lynch's conclusion that International has failed to carry its burden and the motion for summary judgment should be denied.

Plaintiff Stimson filed only nominal objections to Judge Lynch's

recommendation the Court grant summary judgment for International on Stimson's claims for joint and several liability. Stimson states that it has filed objections for the purpose of preserving the issue on appeal, but offers no supporting analysis or citation to legal authority, save for incorporating by reference the arguments presented before Judge Lynch.

A party filing objections to the findings and recommendations of a magistrate is entitled to do novo review of the issues that are "properly objected to." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1). A party makes a proper objection by identifying the aspects of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result. It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference. Hagberg v. Astrue, 2009 WL 3386595 at *1 (D. Mont. 2009). "There is no benefit if the district court[] is required to review the entire matter de novo because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis." Id. Because the Plaintiffs made no effort to support their summary objections with argument or authority explaining why they disagree with Judge Lynch's disposition, their objections are reviewed for clear

error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

I can find no clear error with Judge Lynch's Findings and Recommendations with regard to International's motion for summary judgment on Stimson's claims of joint and several liability, and therefore adopt the Findings and Recommendations in full.

Accordingly, IT IS HEREBY ORDERED that International's motion for summary judgment that Stimson's claims are barred by contract (Doc. No. 33) is DENIED, and International's motion for summary judgment on Stimson's claims of joint and several liability (Doc. No. 34) is GRANTED. Judgment is granted in favor of International and against Stimson on Count Three of the Complaint. Judgment is granted in favor of International and against Stimson on Counts One and Four of the Complaint to the extent those claims seek to hold International jointly and severally liable under § 107(a) of CERCLA.

DATED this 22nd day of April, 2011.

Donald W. Molloy, District Judge
United States District Court